IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMANDA CORLEY, ) | |
| ) | Civil Action |
| Plaintiff, ) | No. 1:22-cv-0133-AT |
| v. ) | |
| ) | |
| 4ANGELS HEALTHCARE, LLC, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## JOINT PRELIMINARY

## REPORT AND DISCOVERY PLAN

**1.   Description of Case:**

(a)   Describe briefly the nature of this action.

This is a civil action for damages brought pursuant to the Fair Labor Standards Act.

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**By Plaintiff:**

From on or about May 2020 to on or about May 2021, Plaintiff was employed by Defendant as a licensed practical nurse. Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA.

Throughout her employment with Defendant, Plaintiff's primary duty was the performance of non-exempt work involved in serving as a licensed practical nurse for Defendant's medical staffing business. Throughout her employment, Plaintiff was paid on an hourly basis, without overtime compensation, calculated at one- and one-half times her regular rate, for the hours she worked in excess of forty (40) in work weeks.

During her employment, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours she worked over forty (40) in workweeks. Defendant paid Plaintiff her regular hourly rate for overtime hours, rather than time and a half her regular hourly rate. Plaintiff now brings this action for damages.

**By Defendant:**

From May 2020 to May 2021, Plaintiff was engaged as an independent contractor to perform work as a licensed practical nurse for Defendant's clients. Defendant lacked any right to control or direct Plaintiff's work.  Plaintiff graduated from an approved nursing education program and is licensed through the Georgia Board of Nursing.  Throughout her engagement with Defendant, Plaintiff controlled the manner in which she performed her duties and exclusively controlled her schedule.

Throughout her employment with Defendant, Plaintiff's primary duty was the performance of non-exempt work involved in serving as a licensed practical nurse for Defendant's medical staffing business. Throughout her employment, Plaintiff was paid on an hourly basis, without overtime compensation, calculated at one- and one-half times her regular rate, for the hours she worked in excess of forty (40) in work weeks.

During her employment, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours she worked over forty (40) in workweeks. Defendant paid Plaintiff her regular hourly rate for overtime hours, rather than time and a half her regular hourly rate. Plaintiff now brings this action for damages.

**By Defendant:**

From May 2020 to May 2021, Plaintiff was engaged as an independent contractor to perform work as a licensed practical nurse for Defendant's clients. Defendant lacked any right to control or direct Plaintiff's work.  Plaintiff graduated from an approved nursing education program and is licensed through the Georgia Board of Nursing.  Throughout her engagement with Defendant, Plaintiff controlled the manner in which she performed her duties and exclusively controlled her schedule.

Defendant denies Plaintiff's entitlement to any relief under the FLSA.

**By Defendant:**

(c) The legal issues to be tried are as follows:

1. Whether Plaintiff can establish the elements of her FLSA overtime claim;

2. Whether Plaintiff's claims are barred, in whole or in part, by Defendant's asserted defenses;

3. Whether Plaintiff is entitled to damages, attorneys' fees, and costs.

(d) The cases listed below (include both style and action number) are:

(1) Pending related cases:

None

(2) Previously adjudicated related cases:

None.

**2. This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_\_(1) Unusually large number of parties
\_\_\_\_\_(2) Unusually large number of claims or defenses
\_\_\_\_\_(3) Factual issues are exceptionally complex
\_\_\_\_\_(4) Greater than normal volume of evidence
\_\_\_\_\_(5) Extended discovery period is needed
\_\_\_\_\_(6) Problems locating or preserving evidence
\_\_\_\_\_(7) Pending parallel investigations or action by government
\_\_\_\_\_(8) Multiple use of experts

  \_\_\_\_\_(9) Need for discovery outside United States boundaries

  \_\_\_\_\_(10) Existence of highly technical issues and proof

  \_\_\_\_\_(11) Unusually complex discovery of electronically stored information

  The parties do not consider this case to be complex.

**3.** **Counsel:**

  The following individually-named attorneys are hereby designated as lead counsel for the parties:

  Plaintiff: V. Severin Roberts
      BARRETT & FARAHANY

      P.O. Box 530092
      Atlanta, Georgia 30353-0092
      Telephone: (404) 214-0120
      Facsimile: (404) 214-0125

  Defendant: Ian E. Smith
      SPIRE LAW

      1230 Peachtree St NE
      Suite 1900
      Atlanta, GA 30309
      Telephone: (407) 494-0135

**4.** **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

  _____ Yes __X__ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss

separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined:

Not applicable.

(b)     The following persons are improperly joined as parties:

Not applicable.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

Not applicable.

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

Plaintiff intends amending his Complaint to add Defendant's owner as a Defendant.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Time for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

None.

**9.     Requests for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Not at this time, however, the parties reserve the right to request a scheduling conference at a later time.

## 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court as assigned to one of the following three (3) discovery tracks: (a) zero month discovery period, (b) <u>four months discovery period,</u> and (c) eight (8) months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Plaintiff's claims, Defendant's defenses, and damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Not at this time. However, the parties reserve the right to request an extension at a later date.

## 11. Discovery Limitation and Discovery of Electronically Stored Information:

(a)     What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None at this time.

(b)     Is any party seeking discovery of electronically stored information?

___X__ Yes  ____ No

If "yes"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties agree that discovery of electronically stored information ("ESI") will be conducted in accordance with Fed. R. Civ. P. 26.

(2)     The parties have discussed the format for the production of electronically stored information (e.g. Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties agree to produce e-mails and documents formatted in Word or as single page Tagged Image File Format (TIFF or .TIF) or as individual documents in PDF format keeping the parent with the children as one document, with links to natives and any associated metadata and text, as necessary and when practicable. Documents whose native format is a spreadsheet, database, audio or video, should be produced in native format. Photographic images should be produced as JPEG. Any scanned documents shall be produced as PDF. Extracted full text shall be

provided for natives and OCR text shall be provided for scanned or imaged documents, as practicable. The parties will produce ESI on disk, hard drive, flash drive, via a shared file site, or via e-mail (if feasible). If a review platform is being utilized, the parties will produce in a DAT, OPT or LFP load file (standard Concordance export).

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereto.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Defendant will seek the entry of a protective order of confidentiality to govern the production of Defendant's confidential business records and other documents, as necessary.

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on January 11, 2022, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff:  Lead Counsel (signature) _____*/s/ V. Severin Roberts*_____
                                              V. Severin Roberts

Other participants:        none

For Defendant:  Lead counsel (signature)    */s/ Ian E. Smith*
                                                    Ian E. Smith

Other participants:

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_X__) A possibility of settlement before discovery.
(_X__) A possibility of settlement after discovery.
(____) A possibility of settlement, but a conference with
           the judge is needed.
(____) No possibility of settlement.

(c)     Counsel (X) do or do not (_____) intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is to be determined.

(d)     The following specific problems have created a hindrance to settlement of this case:

None.

**14.   Trial by Magistrate Judge:**

Note:  Trial by a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (____) do consent to having this case tried before a Magistrate Judge of this Court.  A completed *Consent to Jurisdiction* by a United States Magistrate Judge form has been submitted to the Clerk of this Court this ___ day of _____, 20_.

(b)     The parties (X) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 29th day of June, 2022.

- 10 -

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
severin@justiceatwork.com
BARRETT & FARAHANY
P.O. Box 530092
Atlanta, Georgia 30353-0092
Telephone:  (404) 214-0120
Facsimile:  (404) 214-0125
*Counsel for Plaintiff*

*/s/ Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492
iane@spirelawfirm.com
SPIRE LAW
1230 Peachtree Street NE
STE 1900
Atlanta, Georgia 30309
Telephone:  (407) 494-0135


*Counsel for Defendant*

*********************

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Scheduling form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____
_____
_____
_____
_____
_____

IT IS SO ORDERED, this _____ day of _____, 20 .

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMANDA CORLEY, ) | |
| ) | Civil Action |
|    Plaintiff, ) | No. 1:22-cv-0133-AT |
| v. ) | |
| ) | |
| 4ANGELS HEALTHCARE, LLC, ) | JURY TRIAL DEMANDED |
| ) | |
|    Defendant. ) | |
| ) | |
| _____ ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed *Joint Preliminary Report and Discovery Plan* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 29th day of June, 2022.

                                                    *s/ V. Severin Roberts*
                                                    V. Severin Roberts
                                                    Georgia Bar No. 940504